THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CASSANDRA ALSTON-SCOTT**

    **Plaintiff,**

                                     Case No:

v.

**TAMPA BAY WORKFORCE ALLIANCE, INC. d/b/a
CAREERSOURCE TAMPA BAY**

    **Defendant.**
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

1.    Plaintiff was employed by Defendant, and brings this action for unpaid wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2.    Plaintiff worked for Defendant as a non-exempt clerical employee. As a non-exempt Job Hub Unit Tech, Plaintiff performed routine office functions, such as speaking on the phone, word processing, document review, and following the orders of her direct supervisor. Plaintiff was a clerical employee.

3.    Plaintiff was paid on an hourly basis at a rate of $20.60.

4.    Plaintiff was not paid at least one-and-one-half times her regular rate for all overtime hours worked for Defendant.

5.    Plaintiff was not paid premium overtime wages for all of the hours she worked beyond 40 in a single workweek.

6.    Plaintiff was engaged by Defendant to work as a non-exempt clerical worker during the three (3) years prior to the initiation of this lawsuit.

7. Defendant owns and operates a for-profit organization known as "Career Source Tampa Bay"

8. Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek and did not allow Plaintiff to properly record all of her hours worked.

9. Specifically, Defendant engaged in the illegal practice known as "automatic lunch deductions" where Defendant automatically deducted one (1) hour for lunch from Plaintiff's timesheet for each working day of Plaintiff's employment.

10. Despite the automatic deduction, Plaintiff worked during the majority of her lunches but was not compensated for her work due to Defendant's illegal policy.

11. Defendant was aware that Plaintiff worked during her lunches and was not being paid for her work. In fact, Plaintiff performed her duties during lunch in direct view of Defendant with Defendant's full knowledge and consent.

12. Plaintiff desired to be paid for all hours he spent working, including lunch hours when she worked through lunch.

13. Defendant engaged in the illegal practice of requiring Plaintiff to work more than 40 hours in a single workweek and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

14. Defendant refused, failed, and or neglected to pay Plaintiff overtime wages in an effort to save money at Plaintiff's expense.

15. Defendant engaged in the aforementioned illegal practices throughout the entirety of Plaintiff's employment. Defendant's illegal practices affected each week of Plaintiff' employment.

16. Plaintiff routinely worked more than 40 hours in a single workweek. However, many of Plaintiff' working hours were not properly recorded or removed from Plaintiff' timesheets by Defendant.

17. Defendant failed to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single workweek.

18. As a result, Plaintiff often performed work beyond 40 hours in a single workweek for which she was not properly compensated.

19. Plaintiff worked for Defendant in Hillsborough County, Florida.

20. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff overtime wages, even though Plaintiff habitually worked up to 45 hours a week or more.

21. Plaintiff was not always paid time and a half for all hours worked over forty (40) in any given week.

22. As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

23. Defendant was aware that Plaintiff worked more than 40 hours in a single work week but refused, failed, or neglected to compensate Plaintiff at the appropriate overtime rate.

24. Defendant did not compensate Plaintiff at a rate of at least one-and-one half times her regular rate in order to extract additional work from Plaintiff without compensating Plaintiff for the additional work.

25. Plaintiff seeks full compensation, including liquidated damages because Defendant's illegal conduct was a calculated attempt to extract additional work from Plaintiff to benefit Defendant.

26. Defendant is a for-profit organization that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

27. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff was an individual covered under the FLSA as she performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the healthcare services industry as Defendant operates as "Reunion Resort and Golf Club."

28. Plaintiff routinely communicated with interstate clients, potential clients, employers, vendors, persons, and entities, who were located in states outside of Florida. Plaintiff communicated with out-of-state individuals and entities via email, telephone, and U.S. mail. Plaintiff did so in the regular course and scope of her employment and at Defendant's direct behest.

29. Plaintiff routinely used products, tools, and materials that do not originate within the State of Florida.

30. Plaintiff routinely utilized equipment that originated out-of-state. Plaintiff utilized items that arrived from out-of-state at Defendant's behest and request.

31. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly employee who worked for Defendant at any time within the past three (3) years.

32. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

33. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief,

including Plaintiff's experience with Defendant, as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the job placement. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

34. Defendant advertises its services online, regularly orders goods and materials from out of state vendors, and communicates with employer and vendors located out of state.

35. At all material times relevant to this action, Plaintiff in her capacity as an employee, was individually covered by the FLSA. This would include to doing hourly work as a clerical worker, without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiff did not implement legal compliance measures.

36. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment. Plaintiff worked over 40 hours per nearly every week during her employment with Defendant. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and those similarly situated premium wages. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other

Case 8:20-cv-02011 Document 1 Filed 08/27/20 Page 6 of 7 PageID 6

documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

37. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37, above.

39. Plaintiff was entitled to be paid the premium wages for those hours worked over forty (40) in a single work week.

40. During her employment with Defendant, Plaintiff regularly worked overtime hours each week in which she were not paid at the correct rate of pay.

41. In Plaintiff's case, she routinely performed labor, at Defendant's specific request for the sole benefit of Defendant, and was not paid for the hours she worked.

42. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff her correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of minimum wages, overtime wages, and

6

liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 27th day of August, 2020,

**/S/ Kyle J. Lee**

Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 west Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com